UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-136-CRS

UNITED STATES OF AMERICA                                                                                           PLAINTIFF

v.

DAVID FARNSWORTH                                                                                                   DEFENDANT

## MEMORANDUM OPINION & ORDER

Defendant David Farnsworth ("Farnsworth") pleaded guilty to a mail-fraud conspiracy and money laundering. He was ordered to pay $302,525.34 in restitution. Judgment and Commitment Order, DN 202. On January 15, 2019, the Court issued a Writ of Garnishment to garnish 25% of Farnsworth's wages from garnishee Ford Motor Company. Writ of Garnishment, DN 219. Ford answered on February 4, 2019, DN 221 and Farnsworth did not object. But because Farnsworth's wages were then being garnished pursuant to his pending bankruptcy case, the United States did not request a final order of garnishment. Response, DN 299 at PageID# 1724. Farnsworth's bankruptcy case concluded on November 16, 2023. *In re Farnsworth*, No. 3:18-bk-31773 (Bankr. W.D. Ky. Nov. 16, 2023).

This matter is now before the Court on Farnsworth's motion to reduce his payments from 25% of his wages to $100 per week. DN 293. The United States responded in opposition to Farnsworth's motion and moved for a final order of garnishment. DN 299. For the reasons set forth below, the Court will deny Farnsworth's motion for a reduction and grant the United States' motion for a final order of garnishment.

**A. Final Order of Garnishment**

The Federal Debt Collection Procedure Act ("FDCPA") sets forth the procedures for garnishment as a means of enforcing restitution. Specifically, the FDCPA provides that "[a] court

may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C.A. § 3205(a). Upon issuance of a writ of garnishment, the government must serve that writ on the debtor and the garnishee. *Id.* at § 3205(c)(3). The garnishee must then file an answer confirming its possession of applicable property and the value of that property. *Id.* at § 3205(c)(4). Once the garnishee files their answer, the debtor has twenty days to file a written objection to the answer and request a hearing. *Id.* at § 3205(c)(5).  Finally, the FDCPA provides that "if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." *Id.* at § 3205(c)(7).

In this case, the Court issued a writ of garnishment as to Farnsworth's wages from Ford Motor Company on January 15, 2019. DN 219. Ford filed its answer on February 4, 2019. DN 221. Farnsworth never filed any written objection or request for a hearing. Thus, the Court will grant the United States' motion to enter a final order of garnishment.

**B. Reduction of Payment**

Farnsworth asks the Court to reduce his garnishments from 25% of his disposable income to $100 per week. Motion, DN 293. In support of this request, Farnsworth states that he is "struggling to pay [his] bills." *Id.* But his motion includes only a single paystub from Ford, dated June 2, 2024 and unaccompanied by any record of expenses or additional sources of income. Motion, DN 293. Moreover, Farnsworth's claim of financial hardship is belied by a document he later provided to the government in which he reported a net household income of $153,150, or $12,762.50 per month, between himself and his spouse. Financial Disclosure Statement, DN 301

at PageID# 1741. His reported expenses, which include his court-ordered payments, amount to only $8,447 per month. *Id.* Thus, Farnsworth has not shown financial hardship such that a reduction in garnishments would be appropriate.

Farnsworth further states: "I did not commit any crime also, my attorney was disbarred." Motion, DN 293. But Farnsworth pleaded guilty to a mail-fraud conspiracy and money laundering. Judgment and Commitment Order, DN 202. And there is no authority to suggest that Farnsworth's bare statement that his attorney was disbarred would warrant a reduction in garnishments. Accordingly, Farnsworth's motion will be denied.

### C. Conclusion

For the reasons set forth above, Defendant David Farnsworth's Motion for Reduction of Payment (DN 293) is **DENIED**. The United States' Motion to Enter Final Order of Garnishment (DN 299) is **GRANTED**.

The Garnishee shall liquidate 25% of the Defendant's disposable earnings, retroactively from the date Ford Motor Company was served with the Writ of Garnishment. Payments must be paid to the United States District Court until the debt is paid in full or until the Garnishee no longer has custody, possession or control of any property belonging to the debtor or until further Order of this Court. Payments must be made payable and mailed to: United States District Court, Gene Snyder Courthouse, 601 W. Broadway, Room 106, Louisville, KY 40202.

**IT IS SO ORDERED**.

May 16, 2025



Charles R. Simpson III, Senior Judge
United States District Court